Matter of Paragano (2024 NY Slip Op 00486)

Matter of Paragano

2024 NY Slip Op 00486

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

PM-09-24
[*1]In the Matter of Vincent Dominick Paragano, an Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Vincent Dominick Paragano, Respondent. (Attorney Registration No. 2133957.)

Calendar Date:January 17, 2024

Before:Garry, P.J., Aarons, Pritzker, Lynch and Fisher, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for petitioner.
Foley Griffin, LLP, Garden City (Chris McDonough of counsel), for respondent.

Respondent was admitted to practice by this Court in 1987, following his 1980 admission in his home state of New Jersey. In 2013, however, as a consequence of his involvement in a fraudulent real estate transaction, respondent was disbarred; first by the Supreme Court of New Jersey, and thereafter by this Court (109 AD3d 1045 [3d Dept 2013]). By February 2, 2023 order, we reinstated respondent to the practice of law in this state subject to certain conditions (213 AD3d 1023 [3d Dept 2023]). Alleging that the conditions of his reinstatement have since been satisfied, respondent, in November 2023, requested, among other things, that the conditions of his reinstatement be deemed satisfied.
Pursuant to the requirements of our February 2, 2023 order, respondent timely provided proof that he underwent an assessment by the Lawyers' Assistance Program of the New York City Bar Association (hereinafter LAP), which ultimately resulted in a recommendation that he participate in a LAP monitoring agreement, and respondent further timely provided proof that he entered into a risk management services agreement with his counsel. Respondent additionally submitted the written report of Frederick C. Biehl III, who detailed various services and consultations provided to respondent regarding his resumption of the practice of law. Thereafter, in November 2023, respondent provided proof to this Court and to petitioner that he participated in and completed the LAP monitoring agreement. Finally, in January 2024, respondent personally appeared before us, wherein he demonstrated his compliance with the aforementioned conditions and apprised us of his resumption of the practice of law.
Upon our own motion, and upon examination of the papers submitted, we conclude that, under the circumstances presented, we deem each of the conditions of respondent's reinstatement to be satisfied. It is therefore
ORDERED that each condition set forth in this Court's February 2, 2023 Memorandum and Order are hereby deemed satisfied.
Garry, P.J., Aarons, Pritzker, Lynch and Fisher, JJ., concur.